# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ANTHONY C. BARRETT,

    **Petitioner,**

    v.

UNITED STATES OF AMERICA,

    **Respondent.**

CASE NO. 2:12-CV-1130
CRIM. NO. 2:11-CR-173
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, Anthony C. Barrett, filed this motion to vacate under 28 U.S.C. §2255 following the Court's imposition of a sentence of 228 months of imprisonment and five years of supervised release on one count of armed bank robbery and one count of possession of a firearm by a person convicted of at least three prior violent felony offenses. Petitioner did not appeal his conviction, entered following a guilty plea, or his sentence. In his §2255 motion, he asserts that his guilty plea was not voluntary because he did not understand the nature of the charges or the consequences of his plea, that the plea was obtained by use of a coerced confession from his son, that the plea was the result of an unlawful arrest, that he was the subject of an unconstitutional search and seizure, that his son's statement, which was used to coerce petitioner into pleading guilty, was obtained in violation of the Fifth Amendment, that the prosecutor did not turn over exculpatory evidence, that he was subjected to double jeopardy through the application of the United States Sentencing Guidelines, that he received ineffective assistance of counsel, and that he was deprived of the right to appeal.

Because one of the claims in the petition raised an issue of ineffective assistance of counsel, the United States moved to hold the case in abeyance pending submission of a waiver of the attorney-client privilege. The Court granted that motion (Doc. 99). Petitioner has since filed two affidavits and three notices, none of which are a waiver of the attorney-client privilege, and the United States has filed a motion to dismiss. The basis of the motion to dismiss is petitioner's failure to file a written waiver of the attorney-client privilege. For the following reasons, the Court recommends that the motion to dismiss be denied without prejudice and that petitioner be granted the opportunity to withdraw any claims raised in his motion which depend, directly or indirectly, on an assertion of ineffective assistance of counsel, failing which the Court will declare a waiver of the privilege as to any remaining claims.

Ordinarily, the proper way to challenge the validity of a conviction and sentence is through a direct appeal. Claims which may be raised on direct appeal, but are not, are considered procedurally defaulted unless the failure to appeal is excused by some good cause. *United States v. Frady*, 456 U.S. (1982). Even claims of ineffective assistance of counsel may be so barred if the basis for those claims are matters on the record. *Galbraith v. United States*, 313 F.3d 1001 (7th Cir. 2002). However, if claims of ineffective assistance of counsel depend for their resolution on matters outside the record, they can be raised in a §2255 proceeding. *United States v. Barrow*, 118 F.3d 482, 494 (6th Cir. 1997). Additionally, claims which are otherwise procedurally defaulted may be considered by the Court if they were not raised on direct appeal due to the ineffective assistance of counsel. *See, e.g.,*

*Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir.1996), *citing Coleman v. Thompson*, 501 U.S. 722, 753 (1991). That would appear to be petitioner's justification for failing to take an appeal during which he could have raised a number of the claims he sets forth in his motion, and he has also raised ineffective assistance of counsel as a separate claim for relief.

As the Court's prior order pointed out, raising these types of claims in a §2255 motion is an implied waiver of the attorney-client privilege as to any communications between petitioner and his counsel as to the subjects raised in the motion. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). It has been this Court's practice, once such a motion is filed, to have the petitioner sign an explicit waiver of the privilege in order to permit counsel for the United States to contact petitioner's counsel to obtain information about the claim, and to assure that attorney that he or she will not be improperly disclosing client confidences by discussing the matter with counsel for the United States. However, the Court recognizes that, on occasion, federal courts have both implied a waiver of the attorney-client privilege as to communications which are relevant to an ineffective assistance of counsel claim and have themselves granted a request for a waiver. *See, e.g., Galindo v. United States*, 2011 WL 5572597 (D. Hawai'i Nov. 15, 2011) ; *see also United States v. Perez-Cruz*, 2012 WL 4863148. *1 (D. Nev. Oct. 11, 2012)("The court waives the attorney-client privilege between petitioner and [his counsel]"). Courts have also directed reluctant attorneys to discuss allegations of ineffective assistance of counsel made in a §2255 petition with counsel for the United States without the benefit of an explicit written waiver from the petitioner. *See, e.g., Mitchell v. United States*, 2011 WL 338800 (W.D. Wash. Feb. 3,

2011).

In his five filings on this subject, petitioner states that he "does not give up any of his rights," claiming that the United States Attorney, Carter M. Stewart, and the Assistant United States Attorney, Salvador A. Dominguez, are "trespassing in my Commercial Affairs" (Doc. 100); that he was coerced and misled by his attorney (Doc. 101); that he is considering respondent to be in default (Doc. 103); that the United States failed to respond to his notice of default (Doc. 104); and that the United States is in "final default" (Doc. 105). The only potential significance of any of these filings is, first, that petitioner seems not to acknowledge that by filing his §2255 motion and raising claims which, directly or indirectly, raise the issue of ineffective assistance of counsel, he has already waived the attorney-client privilege with respect to those claims; and, second, that he continues to insist that his counsel was constitutionally ineffective. It is the law of this Circuit, as well as the other Circuits which have considered the question, that he cannot have it both ways. The authority in support of that proposition is amply cited in the Court's order of December 19, 2012 (Doc. 99).

The Court will give petitioner the benefit of the doubt and assume that, when he filed his motion, he was not aware that he would be waiving the attorney-client privilege with respect to any claim in his motion either that his trial counsel was ineffective or any claim which should have been raised on appeal but which petitioner claims was not so raised due to counsel's ineffectiveness in failing to advise him that he had waived his right to appeal by pleading guilty. From the Court's reading of the petition, all of his claims fall

4

into one or the other of these categories. Petitioner may, of course, choose either to withdraw some of his claims if he does not want to waive the attorney-client privilege as to those claims; he may assert that he will not rely on ineffective assistance of counsel as a reason to excuse his failure to assert any particular claim by way of an appeal; or he may withdraw his motion altogether. What he may not do is both persist with his motion and insist on maintaining the attorney-client privilege.

The Court recommends the following. First, the United States' motion to dismiss should be denied without prejudice. Second, petitioner should be given the opportunity to withdraw either specific claims in his motion, or the entire motion, should he wish to preserve the attorney-client privilege with respect to communications between himself and his counsel concerning those claims; or, as to claims which depend on ineffective assistance of counsel as the reason to excuse a procedural default, he may state that he does not wish to advance that reason as a basis for having defaulted those claims. If he fails to take such action within thirty days of any order adopting this Report and Recommendation, the Court should declare a waiver of the privilege with respect to any remaining claims and should authorize petitioner's attorney to discuss those matters with counsel for the United States without fear of violating any prohibition against revealing client confidences. The United States should then be given a new date to file a response to the motion to vacate and petitioner should be given a new date to reply.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within

fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge